UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**PATRICK M. MUSALL,**

          **Petitioner,**          Case Number: 05-CV-71625

v.                                          **HONORABLE DENISE PAGE HOOD**

**KURT JONES,**

          **Respondent.**
_____/

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner Patrick M. Musall has filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner is currently incarcerated at the Boyer Road Correctional Facility in Carson City, Michigan, pursuant to a second-degree murder conviction. Petitioner challenges an amended judgment of sentence entered in Wayne County Circuit Court on August 26, 2002. Respondent argues that the petition is untimely and, in the alternative, that it presents only state law claims, which are not cognizable on federal habeas review. The Court concludes that while the petition is timely, it lacks merit and denies the petition.

**I.**

Petitioner was arrested on November 3, 1988, and has been in custody since that time. He was charged with first-degree murder. Following a jury trial in Wayne County Circuit Court, Petitioner was convicted of first-degree murder. On March 28, 1989, the trial court sentenced Petitioner to life imprisonment. The Michigan Court of Appeals affirmed Petitioner's conviction. People v. Musall, No. 119344 (Mich. Ct. App. Jan. 5, 1994). The Michigan Supreme Court subsequently reversed the Michigan Court of Appeals' decision, vacated the

conviction, and remanded for a new trial. People v. Musall, 451 Mich. 261; 547 N.W.2d 280 (Mich. 1996).

On remand, Petitioner pleaded guilty to second-degree murder. He was sentenced on May 9, 1997 to twelve to twenty years imprisonment, with credit for 3,109 days on his minimum sentence for time already served for the vacated first-degree murder conviction.

Petitioner filed a motion to correct sentence, which was denied on March 17, 2000. People v. Musall, No. 88-13917-03 (Wayne County Circuit Court March 17, 2000). Petitioner sought leave to appeal in the Michigan Court of Appeals, which was denied. People v. Musall, No. 226891 (Mich. Ct. App. Dec. 15, 2001). Petitioner's application for leave to appeal to the Michigan Supreme Court was rejected as untimely. See Affidavit of Corbin R. Davis, dated Sept. 21, 2005.

Petitioner filed a second motion for correction of his sentence in the trial court on April 29, 2002. The trial court granted that motion and ordered that Petitioner's sentence should be reduced by 3,109 days. People v. Musall, No. 88-13917-03 (Wayne County Circuit Court Aug. 7, 2002). On August 26, 2002, an amended judgment of sentence was issued imposing a sentence of 3 years, 3 months, and 25 days to a maximum sentence of 11 years, 3 months.

Petitioner then filed a motion for habeas corpus relief in Jackson County Circuit Court arguing that he was entitled to 3,109 days of jail credit against the amended judgment of sentence. The motion was denied. Musall v. White, No. 02-005753-AH (Jackson County Circuit Court Oct. 28, 2002).

On June 3, 2003, Petitioner filed another motion for resentencing in the trial court, which was denied on October 31, 2003. People v. Musall, No. 88-13917-03 (Wayne County Circuit

Court Oct. 31, 2003).

On May 18, 2004, Petitioner filed an application for leave to appeal in the Michigan Court of Appeals, which denied leave to appeal on December 13, 2004.  People v. Musall, No. 255868 (Mich. Ct. App. Dec. 13, 2004).  Petitioner filed a motion for reconsideration in the Court of Appeals, which was also denied.  People v. Musall, No. 255868 (Mich. Ct. App. Feb. 8, 2005).

Petitioner filed the pending petition for a writ of habeas corpus on April 21, 2005, presenting the following claims:

> I. Petitioner has been denied equal protection of the law in violation of the Fourteenth Amendment of the United States Constitution and been subjected to double punishment for the same offense in violation of the Fifth Amendment of the United States Constitution where the State of Michigan has refused proper application of Michigan's Void Sentence Credit Statute.
>
> II. Petitioner has been denied Equal Protection of the law in violation of the Fourteenth Amendment of the United States Constitution and been subjected to double punishment for the same offense in violation of the Fifth Amendment of the United States constitution where the State of Michigan has denied Petitioner credit for time served in pre-trial detention, contrary to Michigan's Lack of Bond Credit Statute.
>
> III. Petitioner has been denied Equal Protection of the Law in violation of the Fourteenth Amendment of the United States Constitution and been subjected to double punishment for the same offense in violation of the Fifth Amendment of the United States Constitution where Petitioner has been denied the benefits of Michigan's Sentence Reduction Statute, Mich. Comp. Laws § 800.33 *et. seq.*, which permits prisoners sentenced prior to 1999 to earn sentence reduction credits of up to seven days per month for good behavior.
>
> IV. Petitioner has been denied his right to counsel in violation of the Sixth Amendment to the United States Constitution where on 8-26-02, the trial court, Judge James R. Chylinski issued an "amended" judgment of sentence which imposed a sentence of 3 years, 3 months to 11 years, 3 months, where said "amended" sentence was actually an entirely new and longer sentence and was imposed without notice, hearing or counsel.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA") applies to all habeas petitions filed after the effective date of the act, April 24, 1996. Because Petitioner's application was filed after April 24, 1996, the provisions of the AEDPA, including the amended standard of review, apply to this case.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1)  resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)  resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. Franklin v. Francis, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1)[1]; *see also* Cremeans v. Chapleau, 62 F.3d 167, 169 (6th Cir. 1995) ("We give

---

[1]  28 U.S.C. § 2254(e)(1) provides, in pertinent part:

> In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.

complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

Williams v. Taylor, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." Id. at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

Id. at 410-11.

With this standard in mind, the court proceeds to the merits of the petition for a writ of habeas corpus.

5

**III.**

Respondent argues that the petition is untimely.  The AEDPA amended 28 U.S.C. § 2244 to include a one-year limitations period within which habeas petitions challenging state court judgments must be filed.  Section 2244 further provides:

>The limitation period shall run from the latest of –
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In addition, the time during which a prisoner seeks collateral review of a conviction does not count toward the limitations period.  28 U.S.C. § 2244(d)(2).  The limitations period "is tolled from the filing of an application for state post-conviction or other collateral relief until the conclusion of the time for seeking Supreme Court review of the state's final judgment on that application independent of whether the petitioner actually petitions the Supreme Court to review the case."  Abela v. Martin, 348 F.3d 164, 172 (6th Cir. 2003) (en banc).

Although Petitioner's conviction and sentence became final on December 25, 2000, when the Michigan Court of Appeals denied his application for leave to appeal, the one-year limitations period did not commence until August 26, 2002, when the trial court issued an

Amended Judgment of Sentence. The one-year limitations period then ran for thirty-five days until October 1, 2002, when Petitioner filed a motion for habeas corpus relief in Jackson County Circuit Court arguing that he was entitled to 3,109 days of jail credit against the amended judgment of sentence. The limitations period resumed running on October 28, 2002, when that motion was denied. Musall v. White, No. 02-005753-AH (Jackson County Circuit Court Oct. 28, 2002).

The limitations period continued to run until June 3, 2003, when Petitioner filed a motion for resentencing. The filing of that motion tolled the limitations period after an additional 158 days (193 days cumulative) had elapsed. The trial court denied the motion and Petitioner sought leave to appeal in the Michigan Court of Appeals. The limitations period continued to be tolled until February 8, 2005, when the Michigan Court of Appeals denied Petitioner's motion for reconsideration of its order denying leave to appeal. People v. Musall, No. 255868 (Mich. Ct. App. Feb. 8, 2005). *See* Carey v. Saffold, 536 U.S. 214, 219 (2002).

After an additional 71 days of the limitations period (264 days cumulative) elapsed, Petitioner filed the pending petition for a writ of habeas corpus. Thus, the petition was filed with 101 days remaining in the limitations period and is timely and the Court shall proceed to examine the merits of the petition.

### IV.

### A.

Petitioner alleges that the state court failed to award him credit for time served under the prior vacated first-degree murder conviction, or for time served when the trial court declined to release him on bond, and that the Michigan Department of Corrections erred in declining to grant

him disciplinary credits for the period of November 1988 through May 1997. Petitioner claims that the state court, therefore, improperly applied Michigan's Void Sentence Credit Statute, Mich. Comp. Laws § 769.11a, Michigan's Lack of Bond Credit Statute, Mich. Comp. Laws § 769.11b, and Michigan's Sentence Reduction Statute, Mich. Comp. Laws § 800.33. Petitioner further alleges that the state's improper application of these statutes violated his right to equal protection and his right to be free from double jeopardy.

It is well-established that "'federal habeas corpus review does not lie for errors of state law.'" Estelle v. McGuire, 502 U.S. 62, 67 (1991), *quoting* Louis v. Jeffers, 497 U.S. 764, 780 (1990). "A federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Id. at 67-68. Therefore, Petitioner's claims that the state court violated various state statutes are not cognizable on federal habeas review.

**B.**

Petitioner claims that the state court violated his right to be free twice being placed in jeopardy for the same offense when the trial court failed to credit him for time served in pre-trial detention. The Double Jeopardy Clause of the Fifth Amendment provides no person shall be "subject for the same offense to be twice put in jeopardy of life or limb."[2]

Petitioner relies on the Supreme Court's opinion in North Carolina v. Pearce, 395 U.S. 711 (1969), *overruled in part on other grounds*, Alabama v. Smith, 490 U.S. 794 (1989), to support his claim of a double jeopardy violation. In Pearce, the Supreme Court held that, in sentencing a defendant who had been retried after a prior conviction had been reversed on

---

[2] The Double Jeopardy Clause is made applicable to the states through the Due Process Clause of the Fourteenth Amendment. Benton v. Maryland, 395 U.S. 784 (1969).

appeal, the sentencing court is required to give the defendant credit for time served under the vacated conviction. Id. at 718-19. The record before the Court shows that Petitioner was awarded credit for time served. The Amended Judgment of Sentence entered on August 26, 2002, reflects that his sentence was reduced from twelve to twenty years to 3 years, 3 months, 25 days to 11 years 3 months, because he was credited with time served on his vacated first-degree murder conviction. Accordingly, because Petitioner has been given credit for time served under the vacated conviction, the Double Jeopardy Clause was not violated.

Petitioner also claims that the Double Jeopardy Clause was violated because he has not been credited with disciplinary credits for the time period he was incarcerated pursuant to the vacated first-degree murder conviction. In Michigan, disciplinary credits are "used as a management tool to reward eligible prisoners for good behavior and as an incentive to continue such behavior." M.D.O.C. Policy Directive 03.01.101, at 1 (Dec. 1, 2004). Credits will not be earned for a month in which a prisoner is convicted of a major misconduct violation. Mich. Comp. Laws § 800.33(5). In denying Petitioner's motion for habeas corpus relief, the Jackson County Circuit Court held that Petitioner was not entitled to any additional sentencing credit other than that credited in the amended judgment of sentence. Musall v. White, No. 02-005753 (Jackson County Circuit Court Oct. 28, 2002). Thus, Petitioner has not established that the state failed to credit him with earned disciplinary credits. In addition, the punishment already exacted for Petitioner's first-degree murder conviction has been credited against Petitioner's second-degree murder sentence. Therefore, there is no Double Jeopardy Clause violation.

**C.**

Petitioner also alleges that the failure to award him credit for time served and disciplinary credit violates his rights under the Equal Protection Clause.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., amend. XIV. This clause is "essentially a direction that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, 473 U.S. 432, 439 (1985). An equal protection claim under the Fourteenth Amendment requires a state actor's intentional discrimination because of a person's membership in a protected class. McCleskey v. Kemp, 481 U.S. 279, 292, (1987).

Petitioner has not demonstrated that he was treated differently from other similarly situated inmates. Nor has he shown that he has been discriminated against because of his membership in a protected class. Therefore, he has failed to establish a violation of the Equal Protection Clause.

**D.**

Finally, Petitioner claims that his Sixth Amendment right to counsel was violated when the trial court granted his Motion to Correct Sentence and issued an Amended Judgment of Sentence without first appointing him counsel.

The Constitution guarantees the right to counsel on a first appeal from a criminal conviction. Pennsylvania v. Finley, 481 U.S. 551, 555-56 (1987). It does not guarantee a right to counsel when mounting collateral attacks. Id.; *see also* Douglas v. California, 372 U.S. 353, 355 (1963). Petitioner's Motion to Correct Sentence was a collateral attack on his sentence, not

his first appeal of right.  Therefore, he was not entitled to appointment of counsel.

**V.**

For the foregoing reasons, **IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the matter is **DISMISSED WITH PREJUDICE**.

                                                  s/ DENISE PAGE HOOD
                                                  DENISE PAGE HOOD
                                                  UNITED STATES DISTRICT JUDGE

Dated: May 31, 2006

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 31, 2006, by electronic and/or ordinary mail.

                                                  s/William F. Lewis
                                                  Case Manager